IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

KELVIN DARREN REESE,

    Plaintiff,

v.                                        Civil Action No. GJH-17-1487

STATE OF MARYLAND, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff Kelvin Darren Reese filed this *pro se* Complaint against Defendants the State of Maryland, Governor Larry Hogan, Attorney General Brian E. Frosh, Judge John Paul Davey, Chief Judge Peter B. Krauser, and John Slowe and Mary Murphy of the Prince George's County Office of Child Support Enforcement ("Defendants") on May 31, 2017, ECF No. 1, along with a Motion to Proceed in Forma Pauperis, ECF No. 2, which shall be granted. Plaintiff alleges various statutory and constitutional violations of his civil rights. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). Because Plaintiff fails to state a claim upon which relief may be granted with respect to the calculation of his child support obligations, these claims shall be dismissed. Plaintiff's claims against Governor Hogan and Mr. Frosh in their official capacities, and against Judge Davey and Judge Krauser, are barred for reasons described below. Plaintiff will, however, be afforded the opportunity to file a separate civil rights action regarding his 2015 arrest and detention.

## I. BACKGROUND

Plaintiff Reese seeks declaratory relief and damages from this Court in the context of child support and custody proceedings emanating from the Circuit Court for Prince George's County. ECF No. 1 at 2, 25–27. Reese asserts that his statutory rights and constitutional rights under the Fifth and Fourteenth Amendments have been violated, and that he has been denied equal protection by Defendants' actions in calculating his child support obligation based on disability income he receives through the Veterans Administration ("VA"). *Id.* at 20–24. Reese further states that Defendants' failure to exclude his VA benefits from the child support calculation violates his right to due process and his civil rights under 42 U.S.C. § 1983, and amounts to a conspiracy under 42 U.S.C. § 1985. *Id.* at 23–24.[1] Plaintiff also states that in 2015, he was "illegally incarcerated" for failure to pay child support, and that his detention imposed cruel conditions of confinement. *Id.* at 26.[2]

A review of the Maryland Judiciary Case Search website, the content of which the Court takes judicial notice, *see* Fed. R. Evid. 201(b)(2); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989), reveals that a September 4, 2014 order issued by the Circuit Court for Prince George's County assessed child support payments against Plaintiff at $1,264.00 per month. *See Reese v. Reese*, Case No. CAD13-22462 at Dk. 085 (Cir. Ct. Prince George's Cty.

---

[1] Although VA benefits have been exempted from taxation and creditors' rights, the Supreme Court has ruled that 38 U.S.C. § 3101(a), now codified at 38 U.S.C. § 5301, does not prevent a state from considering the benefits to calculate child support. *See Rose v. Rose*, 481 U.S. 619, 630–634 (1987).

[2] At the end of his Complaint, Plaintiff adds that, "[w]hile imprisoned I went through physical withdrawals from medication that could have killed me. I suffer with asthma and the Sheriffs threw me in a van with no windows and turned the heat up to high while the outside temperature was ninety-six degrees (96). I was left in a van laying on the floor with my mouth pressed to the door trying to get air." ECF No. 1 at 26. It is unclear to the Court whether Plaintiff intends to bring a claim against the Defendants in this action for these allegations. Thus, he will be permitted to file a separate civil rights action regarding these allegations, and naming the appropriate defendants, if he so chooses.

2

2016).[3] On November 21, 2014, Plaintiff was held in contempt for failure to pay a $10,240.00 child support arrearage. *See id.* at Dk. 092; ECF No. 1-4 at 5. On October 20, 2015, Judge Davey again held Plaintiff in contempt for failure to satisfy the arrearage, and remanded Reese to the custody of the sheriff until $5,000.00 of the arrearage was satisfied. *See Reese*, CAD13-22462 at Dk. 127; ECF No. 1-4 at 3. Plaintiff was released on his personal recognizance that same day. *See Reese*, CAD13-22462 at Dk. 128. Plaintiff's motion to modify child support was withdrawn in open court on April 21, 2016. *See id.*; ECF No. 1-4 at 4. Additional motions for modification and for contempt culminated in a notice of appeal to the Court of Special Appeals of Maryland, which was dismissed for procedural deficiencies on March 16, 2017. *See Reese*, Case No. CAD13-22462 at Dk. 159–168; ECF No. 1-3 at 2–3. The Circuit Court case is closed for statistical purposes only. *See Reese*, Case No. CAD13-22462 at Dk. 158. The crux of Reese's Complaint is that his veterans' benefits were wrongfully included as income in the calculation of his child support obligations.

## II. STANDARD OF REVIEW

The Court may dismiss a case filed *in forma pauperis* if it determines that the action is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Although the Courts construes the pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 570 (2007).

---

[3] *Reese v. Reese*, Case No. CAD13-22462 (Cir. Ct. Prince George's Cty.), http://casesearch.courts.state.md.us/casesearch/ (last visited June 15, 2017).

### III. ANALYSIS

Reese's Complaint must be dismissed because it is a matter from which this Court must abstain. The *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971), "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008). "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (quoting *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006)). Reese's state court proceedings are closed only for statistical purposes, and may be reopened by the parties at any time, whether for contempt proceedings or to move for modification of the monthly child support obligation. *See Reese*, Case No. CAD13-22462 at Dk. 158. Furthermore, the State of Maryland has a vital interest in ensuring the well-being of children who reside in the state, providing further basis for abstention. *See B.G. v. Malhotra*, No. CV RDB-15-2663, 2016 WL 3384941, at *7 (D. Md. June 20, 2016), *aff'd sub nom.*, No. 16-1837, 2017 WL 765794 (4th Cir. Feb. 27, 2017) (abstaining from child custody case brought in federal court, based on *Younger*, where State had important interest in welfare of a child).

Additional grounds for dismissal exist. Plaintiff does not indicate why the Governor or the Maryland Attorney General are named in his Complaint, nor does he indicate whether these Defendants are sued in their official or individual capacities. As no actual misconduct is alleged against Defendants Hogan and Frosh, the Court shall assume they are named in their official capacities. Judgment against a public employee "in his official capacity" imposes liability on the

4

public entity. *See Brandon v. Holt*, 469 U.S. 464, 471–72 (1985) (citing *Monell v. New York Dept. of Soc. Serv.*, 436 U.S. 658, 690 n.55 (1978) (internal quotation omitted)). Thus, it follows that Plaintiff's suit against Hogan and Frosh for actions undertaken in their official capacity is a claim against the State of Maryland. Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code, State Gov't § 12-202(a), it has not broadly waived its immunity under the Eleventh Amendment to suit in federal court. *See Gray v. Laws*, 51 F.3d 426, 431–32 (4th Cir. 1995) (noting that "it is well established that an unconsenting State is immune from suits brought in federal courts by her own citizens . . .") (internal citations omitted); *Madison v. Wheat*, No. GJH-16-1542, 2016 WL 3546223, at *2 (D. Md. June 23, 2016); *Young v. Dep't of Pub. Safety & Corr. Servs.*, No. CIV.A. DKC-14-1493, 2015 WL 3932433, at *4 (D. Md. June 24, 2015). Thus, Plaintiff's complaint against Hogan and Frosh in their official capacities is barred by the Eleventh Amendment.

Additionally, Plaintiff seeks to sue Maryland state judges for decisions made in their judicial capacities. This cause of action is prohibited by the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam) (noting that "generally, a judge is immune from a suit for money damages."). As the Supreme Court wrote in *Forrester v. White*, 484 U.S. 219, 226–27 (1988):

> If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication. Nor are suits against judges the only available means through which litigants can protect

5

> themselves from the consequences of judicial error. Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.

*Forrester*, 484 U.S. at 226–27. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11. This immunity can be overcome only in two circumstances. A judge is not immune from liability for actions taken outside the judge's judicial capacity, nor for "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* Here, it is plain from the face of the Complaint that Reese's allegations derive from actions taken within Judge Davey and Judge Krauser's judicial capacities. Reese's core dispute is with the substance of child support rulings that he perceives were unjust. Notably, "immunity applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Reese's Complaint also fails to demonstrate that the Circuit Court, which is the court of general jurisdiction for Prince George's County, Maryland, lacked jurisdiction over Reese's family law matters. Accordingly, the judges' acts were protected by judicial immunity, and Reese's claims against them cannot proceed.

Moreover, there is an exception to this Court's jurisdiction that excludes the authority to hear domestic relations matters. *See e.g. Raftery v. Scott*, 756 F.2d 335, 343 (4th Cir. 1985) (domestic relations exception to federal courts' jurisdiction based on idea that state courts have "a stronger and more direct interest in the domestic relations of its citizens than does the federal court"); *Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982) ("diversity jurisdiction does not include the power to grant divorces, determine alimony or support obligations, or decide child custody rights"); *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006) (noting that "federal

courts ... generally abstain from hearing child custody matters"). The gravamen of Reese's Complaint is the calculation and imposition of child support obligations, a domestic relations matter from which the Court properly abstains.

Finally, this Court notes that to the extent Plaintiff's assertions regarding his constitutional and statutory rights with regard to the calculation of child support have any merit, he may consult appropriate counsel and assert them in the state case, which remains subject to reopening. This Court makes no observation as to the merits of those claims; however, notwithstanding that observation, the deficiencies noted cannot be cured through amendment of the Complaint, and the child support calculation portion of the action must be dismissed as improperly-filed, and for failure to state a cognizable federal claim upon which the relief sought may be granted. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015). Plaintiff is free, if he so chooses, to assert a civil rights action with regard to his 2015 arrest and detention in this Court by way of a separate action using Court-approved forms and naming the appropriate defendants.

## IV. CONCLUSION

For the foregoing reasons, the Complaint is dismissed with prejudice as to all claims other than the claim concerning Plaintiff's 2015 arrest and detention. A separate Order shall issue.

6/21/2017
Date

GEORGE J. HAZEL
United States District Judge